BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
MELISSA LOU, DISTRICT OF COLUMBIA BAR NO. 1019069
ASSISTANTS UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV, SUITE 600
800 EAST PARK BOULEVARD
BOISE, IDAHO 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

U.S. COURTS

APR 11 2018

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. CR 18-0112-SEJL |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | 18 U.S.C. § 2 |
| JOSHUA MERRILL BARNEY,<br>COLLIN MICHAEL McINTYRE,<br>TIFFANY CULBERTSON, | 18 U.S.C. § 371<br>18 U.S.C. § 981(a)(1)(C)<br>18 U.S.C. § 1951<br>18 U.S.C. § 1952(a)(3)<br>28 U.S.C. § 2461 |
| Defendants. | |

The Grand Jury charges:

**GENERAL ALLEGATIONS**

At all times relevant to the Indictment:

1. The Idaho State Correctional Institution ("ISCI") is a prison located near Boise, Idaho, and is a part of the Idaho Department of Corrections ("IDOC"). IDOC is funded in part by grant money from federal agencies.

**INDICTMENT - 1**

2.  Defendant JOSHUA MERRILL BARNEY was a correctional officer employed at ISCI.

3.  Defendant COLLIN MICHAEL McINTYRE was an inmate at ISCI.

4.  Defendant TIFFANY CULBERTSON was the girlfriend of defendant COLLIN MICHAEL McINTYRE.

5.  JPay is an IDOC inmate email system. Friends, family, and associates of inmates within the IDOC prison system use credit cards to purchase email access for inmates. JPay headquarters are located in Florida. The purchase of JPay email access from states outside of Florida results in interstate wire communications—*i.e.*, the transfers of financial information.

6.  Defendant COLLIN MICHAEL McINTYRE had family and friends residing in Idaho, Washington, and Oregon, who paid for McINTYRE's email access in IDOC through JPay.

7.  Keefe Commissary Network/Access Corrections, a third-party vendor based in Missouri, provides the prison phone system for IDOC inmates. Keefe Commissary Network/Access Corrections bills IDOC for the cost of inmates' phone calls, and IDOC pays these bills by mailing checks from Idaho to Missouri. Accordingly, IDOC inmates' usage of the prison phone system and IDOC's corresponding payments result in the use of interstate mail.

8.  IDOC policies state that "[e]mployees must adhere to applicable laws, rules, regulations, policies, standard operating procedures, division directives, field memorandums, post orders, etc. in the performance of assigned duties."

9.  IDOC policies state that "employees [or] contractors . . . shall maintain a professional relationship with offenders; ex-offenders; the family members of offenders and ex-

**INDICTMENT - 2**

offenders and those individuals residing in the same or last known household; and inmate visitors." Accordingly, IDOC policies prohibit employees and contractors from:

    a. "Either directly or indirectly lending, providing, receiving or promising goods and/or services with or without remuneration; giving or receiving a gift; or supplying personal information of any type."

    b. "Giving or receiving money or anything else of value, either directly or indirectly."

    c. "Having personal contacts outside the scope of assigned job duties or being in a social relationship with offenders."

    d. "Delivering or sending messages (verbal or written) or any other article to or between offenders; inmate visitors; or outside organizations or agencies unless it is authorized (in writing) by the facility head, district manager, or division chief and is consistent with the mission and orderly running of the institution or organizational unit."

    e. "Bringing contraband into a correctional facility including, but not limited to, weapons, alcoholic beverages, drugs, drug paraphernalia, explosive devices or materials useful in the fabrication of explosive devices or any other article, substance or thing that may reasonably be considered a danger to security or providing such articles to probationers or parolees."

## COUNT ONE

### Conspiracy to Commit Hobbs Act Extortion Under Color of Official Right
### 18 U.S.C. §§ 1951, 371

10.    The allegations set forth in Paragraphs 1 through 9 are hereby realleged as if set forth herein.

**INDICTMENT - 3**

11. In or about October 2016, through in or about November 2016, in the District of Idaho and elsewhere, the defendants, JOSHUA MERRILL BARNEY, COLLIN MICHAEL McINTYRE, and TIFFANY CULBERTSON, did knowingly and intentionally conspire with each other and others known and unknown to the Grand Jury to obstruct, delay, and affect in any way and degree commerce and the movement of articles and commodities in commerce by extortion, as that term is defined in Title 18, United States Code, Section 1951, to wit: BARNEY obtained money and property, not due to him or his office, from McINTYRE and CULBERTSON, under color of official right, in violation of Title 18, United States Code, Sections 1951 and 371.

## MANNER AND MEANS

12. In order to further the objects and goals of the conspiracy, the defendants used the following manners and means, among others:

13. The defendants communicated with each other by email using JPay.

14. The defendants communicated with each other by telephone using IDOC inmate phone system supported by Keefe Commissary Network/Access Corrections.

15. CULBERTSON provided money and contraband to BARNEY.

16. In exchange for the payments from CULBERTSON, and under color of official right, BARNEY brought contraband into ISCI and gave it to McINTYRE.

## OVERT ACTS

17. In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the District of Idaho and elsewhere:

18. On October 19, 2016, McINTYRE called CULBERTSON. During the call, McINTYRE told CULBERTSON that BARNEY would be contacting her.

**INDICTMENT - 4**

19.     On October 19, 2016, CULBERTSON sent McINTYRE an email. She wrote that she had spoken with BARNEY.

20.     On October 20, 2016, McINTYRE and CULBERTSON spoke on the phone. CULBERTSON said that BARNEY told her that he was expecting $1,200 from her.

21.     On October 21, 2016, McINTYRE and CULBERTSON exchanged a series of emails. McINTRYE told CULBERTSON to keep $100 for herself and to give $200 to BARNEY. McINTYRE later suggested that CULBERTSON could give $300 to BARNEY.

22.     On October 21, 2016, CULBERTSON sent a text message to BARNEY, informing him that she had money for him.

23.     On or around October 24, 2016, BARNEY brought two cans of smokeless tobacco to McINTYRE inside ISCI. All forms of tobacco, to include smokeless tobacco, are considered contraband and prohibited from IDOC facilities, including ISCI.

24.     On October 25, 2016, CULBERTSON purchased two disposable cell phones from Walmart in Boise, Idaho. CULBERTSON then called McINTYRE and told him that she was going to meet BARNEY.

25.     On October 25, 2016, CULBERTSON and BARNEY spoke on the phone to coordinate a meeting.

26.     On October 25, 2016, CULBERTSON met BARNEY in the parking lot of Charlie Brown's bar in Boise, Idaho. CULBERTSON gave a Walmart bag to BARNEY.

27.     On October 26, 2016, McINTYRE and CULBERTSON spoke on the phone. CULBERTSON told McINTYRE that she had given BARNEY one of the two disposable cell phones and still needed give him the second phone.

**INDICTMENT - 5**

28. On or around October 27, 2016, BARNEY brought the disposable cell phone he had received from CULBERTSON into ISCI and gave it to McINTYRE. Inmates are not allowed to possess cell phones in IDOC prisons.

## COUNT TWO

### Hobbs Act Extortion Under Color of Official Right
### 18 U.S.C. §§ 1951, 2

29. The allegations set forth in Paragraphs 1 through 28 are hereby realleged as if set forth herein.

30. In or about October 2016, in the District of Idaho, the defendants, JOSHUA MERRILL BARNEY, COLLIN MICHAEL McINTYRE, and TIFFANY CULBERTSON, did knowingly obstruct, delay, and affect in any way and degree commerce and the movement of articles and commodities in commerce by extortion, as that term is defined in Title 18, United States Code, Section 1951, and aided and abetted the same, to wit: BARNEY obtained money and property not due to him or his office, from McINTYRE and CULBERTSON, with their consent and in exchange for bringing smokeless tobacco into ISCI, under color of official right, in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT THREE

### Hobbs Act Extortion Under Color of Official Right
### 18 U.S.C. §§ 1951, 2

31. The allegations set forth in Paragraphs 1 through 30 are hereby realleged as if set forth herein.

32. On or about October 17, 2016, through on or about October 27, 2016, in the District of Idaho, the defendants, JOSHUA MERRILL BARNEY, COLLIN MICHAEL McINTYRE, and TIFFANY CULBERTSON, did knowingly obstruct, delay, and affect in any

INDICTMENT - 6

way and degree commerce and the movement of articles and commodities in commerce by extortion, as that term is defined in Title 18, United States Code, Section 1951, and aided and abetted the same, to wit: BARNEY obtained money and property not due to him or his office, from defendants McINTYRE and CULBERTSON, with their consent and in exchange for bringing a cellular telephone into ISCI, under color of official right, in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT FOUR

**Conspiracy to Use a Facility in Interstate Commerce in Furtherance of Unlawful Activity
18 U.S.C. §§ 1952(a)(3), 371**

33. The allegations set forth in Paragraphs 1 through 32 are hereby realleged as if set forth herein.

34. In or about October 2016, through in or about November 2016, in the District of Idaho and elsewhere, the defendants, JOSHUA MERRILL BARNEY, COLLIN MICHAEL McINTYRE, and TIFFANY CULBERTSON, did unlawfully, willfully, and knowingly combine, conspire, and agree with each other and others known and unknown to the Grand Jury to commit an offense against the United States, that is, the crime of use of a facility in interstate commerce in furtherance of unlawful activity, in violation of 18 U.S.C. § 1952(a)(3), in that said defendants combined, conspired, and agreed to unlawfully smuggle contraband into ISCI, and did so with the use of a facility in interstate commerce, as well as the use of BARNEY's status and position as a correctional officer at ISCI.

## COUNT FIVE

**Use of a Facility in Interstate Commerce in Furtherance of Unlawful Activity**
**18 U.S.C. §§ 1952(a)(3), 2**

35.  The allegations set forth in Paragraphs 1 through 34 are hereby realleged as if set forth herein.

36.  On or about October 21, 2016, in the District of Idaho, the defendants, COLLIN MICHAEL McINTYRE and TIFFANY CULBERTSON, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, that is, bribery in violation of Idaho Code § 18-1352(3), acting alone and aiding and abetting one or more codefendants, did knowingly and willfully use a facility in interstate commerce, namely, email, and thereafter performed and attempted to perform an act to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of such unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT SIX

**Use of a Facility in Interstate Commerce in Furtherance of Unlawful Activity**
**18 U.S.C. §§ 1952(a)(3), 2**

37.  The allegations set forth in Paragraphs 1 through 36 are hereby realleged as if set forth herein.

38.  On or about October 21, 2016, in the District of Idaho, the defendants, TIFFANY CULBERTSON and JOSHUA MERRILL BARNEY, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, that is, bribery in violation of Idaho Code § 18-1352(3), acting alone and aiding and abetting one or more codefendants, did knowingly and willfully use a facility in

**INDICTMENT - 8**

interstate commerce, namely, text message, and thereafter performed and attempted to perform an act to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of such unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT SEVEN

### Use of a Facility in Interstate Commerce in Furtherance of Unlawful Activity
### 18 U.S.C. §§ 1952(a)(3), 2

39. The allegations set forth in Paragraphs 1 through 38 are hereby realleged as if set forth herein.

40. On or about October 25, 2016, in the District of Idaho, the defendants, TIFFANY CULBERTSON and COLLIN MICHAEL McINTYRE, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, that is, bribery in violation of Idaho Code § 18-1352(3), acting alone and aiding and abetting one or more codefendants, did knowingly and willfully use a facility in interstate commerce, namely, a telephone, and thereafter performed and attempted to perform an act to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of such unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT EIGHT

### Use of a Facility in Interstate Commerce in Furtherance of Unlawful Activity
### 18 U.S.C. §§ 1952(a)(3), 2

41. The allegations set forth in Paragraphs 1 through 40 are hereby realleged as if set forth herein.

**INDICTMENT - 9**

42. On or about October 25, 2016, in the District of Idaho, the defendants, TIFFANY CULBERTSON and JOSHUA MERRILL BARNEY, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, that is, bribery in violation of Idaho Code § 18-1352(3), acting alone and aiding and abetting one or more codefendants, did knowingly and willfully use a facility in interstate commerce, namely, a telephone, and thereafter performed and attempted to perform an act to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of such unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## CRIMINAL FORFEITURE ALLEGATION
## 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461

As a result of the violations of Title 18, United States Code, Sections 1951, 1952(a)(3), 371, and 2, as charged in Counts One through Eight, the defendants, JOSHUA MERRILL BARNEY, COLLIN MICHAEL McINTYRE AND TIFFANY CULBERTSON, shall forfeit to the United States all property and property interests described below:

1. <u>Unrecovered Cash Proceeds and/or Facilitating Property.</u> The defendants obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendants used to facilitate the offense, but based upon actions of the defendants, the property was transferred, diminished, comingled, or is otherwise unavailable.

2. <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant"

up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

      a.    Cannot be located upon the exercise of due diligence;

      b.    Has been transferred or sold to, or deposited with, a third person;

      c.    Has been placed beyond the jurisdiction of the court;

      d.    Has been substantially diminished in value; or

      e.    Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 10th day of April, 2018.

                    A TRUE BILL

                    /s/ [signature on reverse]
                    _____
                    Foreperson

BART M. DAVIS
United States Attorney
By:

_____
Joshua D. Hurwit
Melissa Y. Lou
Assistants United States Attorney

**INDICTMENT - 11**